**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEVON SMITH,** | : | **CIVIL NO. 1:07-CV-1802** |
| Plaintiff, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **C/O 1 GENSAMER, et al.,** | : | |
| Defendants | : | |

**MEMORANDUM**

Devon Smith, an inmate confined to the State Correctional Institution at Pittsburgh, filed this civil rights action on October 3, 2007. (Doc. No. 1.) Presently pending are Plaintiff's motions for appointment of counsel (Doc. No. 16), and to amend the complaint (Doc. No. 21). For the reasons discussed below, the motion for appointment of counsel will be denied and the motion to amend the complaint will be granted.

**I.    MOTION FOR APPOINTMENT OF COUNSEL**

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit

in fact and law." Montgomery, 294 F.3d at 499.  For purposes of this motion, the Court will assume that Plaintiff's case does have arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1.  The plaintiff's ability to present his or her own case;

2.  The difficulty of the particular legal issues;

3.  The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4.  The plaintiff's capacity to retain counsel on his or her own behalf;

5.  The extent to which a case is likely to turn on credibility determinations; and

6.  Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).  Recently, in a "Not Precedential" opinion, a panel of the United States Court of Appeals for the Third Circuit indicated that the district court should also consider its willingness to aid the indigent party in presenting his or her case in the courtroom and the availability of attorneys willing to take § 1915(e) appointments.  Gordon v. Gonzalez, No. 04-4623, 2007 WL 1241583, at *2 (3d Cir. Apr. 30, 2007).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant appointment of counsel.  Tabron, 6 F.3d at 155-56.  The pleadings submitted thus far are sufficiently clear and the legal issues presented in this proceeding are not complicated.  It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own.  This court's liberal construction of *pro se* pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel.  Based on the foregoing, Plaintiff's motion for appointment of counsel will be denied.  If future proceedings demonstrate the need for counsel, the matter may be

reconsidered either *sua sponte* or upon a motion properly filed by Plaintiff.

## II.   MOTION TO AMEND

Plaintiff seeks to amend his complaint to include addition violations of his civil rights. Plaintiff's motion will be granted.[1]  See FED. R. CIV. P. 15(a).  He will be directed to file an amended complaint within a given time period.  His failure to file the amended complaint will result in the matter proceeding on the original complaint.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: February 4, 2008

---

[1] On the same date that Plaintiff filed his motion to amend, defendants filed a motion to dismiss (Doc. No. 20).  Further briefing on the motion to dismiss will be stayed pending the filing of Plaintiff's amended complaint.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVON SMITH,** | : | **CIVIL NO. 1:07-CV-1802** |
| Plaintiff, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **C/O 1 GENSAMER, et al.,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this 4th day of February 2008, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion for appointment of counsel (Doc. No. 16) is DENIED.

2. Plaintiff's motion to amend (Doc. No. 21) is GRANTED as follows:

    a. The Clerk of Court is directed to FORWARD to Plaintiff a civil rights form complaint.

    b. Plaintiff shall FILE an amended complaint, utilizing the enclosed civil rights form, on or before February 15, 2008. No attachments to the form will be accepted by the Court.

    c. The amended complaint shall contain the same case number that is already assigned to this action (1:07-CV-1802), and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. See FED. R. CIV. P. 8(e).

    d. Plaintiff is strictly cautioned that the inclusion of separate, unrelated claims in the amended complaint will result in rejection of the amended complaint and the matter will proceed on the original complaint. See FED. R. CIV. P. 20.

    e. Plaintiff is further cautioned that his failure to file an amended complaint within the specified time period will result in the matter proceeding on the original complaint.

3. Any further briefing on defendants' motion to dismiss (Doc. No. 20) is STAYED pending the filing of Plaintiff's amended complaint.

                                                          S/ Yvette Kane
                                                          Yvette Kane, Chief Judge
                                                          United States District Court
                                                          Middle District of Pennsylvania